ALFREDO AMIEIRO, Plaintiff and Appellee, *v.* ANTONIO CHARRÓN ET UX., Defendants; M. GRAU E HIJOS, Intervener and Appellant.

No. 5100.   Argued April 23, 1930.—Decided July 21, 1931.

*José Sabater* for appellant.   *Enrique Báez García* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Alfredo Amieiro brought, in the District Court of Mayagüez, an action against Antonio Charrón and his wife to recover from them $467.82, as the value of goods sold to them but not paid, and $2,000 on an overdue promissory note, together with stipulated interest thereon at the rate of one per cent per annum and $100 for attorney's fees and costs in case of judicial action.

The principal of the claim amounted to $2,467.82, and in order to secure the effectiveness of any judgment that might be rendered there was decreed an attachment for that sum plus $100 stipulated for attorney's fees and $300 for costs and interest, or a total of $2,867.82. The attachment was levied on two pieces of property, an automobile, and a fire insurance policy.

After a judgment against the defendants had been rendered, the insurance company delivered into the court the sum of $1,500 as the proceeds of the insurance policy paid by reason of a fire in the commercial establishment of the defendants which occurred on the day preceding the filing of the complaint.

The plaintiff moved that the $1,500 be paid over to him in partial satisfaction of his judgment, whereupon the firm of M. Grau e Hijos, which in another action brought by it had subsequently attached the policy, filed a motion which it entitled in intervention in the Amieiro action alleging that, as Amieiro had limited his attachment on the policy to $767.82, which should be reduced by $300, the amount representing the award of costs which it regarded as improper inasmuch as a judgment by the court was involved, the balance of the proceeds should be delivered to M. Grau e Hijos, whose claim amounted to $1,265. It also alleged that Amieiro's claim was in part simulated and the result of a conspiracy to defraud M. Grau e Hijos, as the promissory note enforced by Amieiro was fictitious.

The plaintiff moved that the motion of M. Grau e Hijos be stricken from the record, and the court, in deciding both motions, ordered the delivery to Amieiro of the $1,500 and denied the motion of the claimant, M. Grau e Hijos. The latter has appealed from that decision.

The appellant bases its appeal on two grounds which can be summarized thus: First, that the court allowed Amieiro to apply the $1,500 to its claim whereas the policy had been attached only to the extent of $767.82; and second, that it had refused to permit the appellant to submit proofs in support of its motion.

The appellant had no right to attack the judgment in its motion on the ground of the alleged simulated character of the promissory note enforced by Amieiro, because if such a simulation actually exists whereby the judgment might be annulled, the latter must be attacked in an action for nullity and not collaterally. Therefore, the court did not err in refusing to admit evidence in that respect.

As to the right which the appellant claims to a portion of the $1,500, it was not necessary that any evidence be produced, since such evidence appears from the record of Amieiro's action. It appears from that record that, in attaching the policy Amieiro limited such attachment to the sum of $767.82, thus waiving by his own act any claim on his part to a larger participation in the proceeds. He was, therefore, only entitled to the delivery to him of said sum, and the remaining $732.18 became subject to the attachment levied by M. Grau e Hijos.

As to the question of whether from the $767.82 to which Amieiro limited his attachment there should be deducted $300 for costs, whose allowance in the judgment by default is alleged to be erroneous, this was not a proper matter to be raised in the motion of M. Grau e Hijos, apart from the fact that in the note sued on the debtors bound themselves to pay $100 for attorney's fees and costs.

The order appealed from must be reversed and another rendered instead declaring that Alfredo Amieiro is only entitled to collect $767.82 out of the $1,500 deposited by reason of the liquidation of the fire insurance policy, and that the remaining $732.18 is subject to the attachment levied thereon by M. Grau e Hijos.